UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PREM NATH,

        Plaintiff,

v.

THE INTERNAL REVENUE SERVICE,

        Defendant.

No. 15-CV-3937 (KMK)

OPINION & ORDER

Appearances:

Prem Nath
Blauvelt, NY
*Pro Se Plaintiff*

Anthony Jan-Huan Sun, Esq.
U.S. Attorney's Office S.D.N.Y.
New York, NY
*Counsel for Defendant Internal Revenue Service*

KENNETH M. KARAS, District Judge:

  Plaintiff Prem Nath ("Plaintiff") brought this pro se Action against JPMorgan Chase Bank, N.A. ("JPMorgan"), Select Portfolio Servicing, Inc. ("SPS"), U.S. Bank, N.A., as indenture trustee for C.S.F.B. Trust 2002-NP14 ("U.S. Bank," and collectively with JPMorgan and SPS, the "Private Defendants"), and the Internal Revenue Service (the "IRS"), seeking to quiet title to certain real property and to cancel or invalidate various assignments and agreements related to a mortgage encumbering the property. (*See* Compl. (Dkt. No. 1).) In an Opinion & Order ("Opinion") issued September 30, 2016, the Court dismissed with prejudice Plaintiff's claims against the Private Defendants and the IRS, with the exception of Plaintiff's claim challenging the procedural validity of the tax liens issued against the real property located at 12 John Calvin Street, Blauvelt, New York (the "Subject Property"). (*See* Op. & Order ("Opinion")

31–32 (Dkt. No. 68).) With respect to that claim, and that claim only, Plaintiff was granted leave to file an Amended Complaint. (*See id.*)

Before the Court is the IRS's Motion To Dismiss the Amended Complaint (the "Motion"). (*See* Dkt. No. 76.) For the following reasons, the Motion is granted.

## I. Factual Background & Procedural History

The Court assumes the Parties' familiarity with the facts, and as the Court is fully familiar with them and has had the opportunity to recount them in multiple opinions in the numerous actions Plaintiff has filed, the Court declines to repeat them here. A comprehensive account of the factual and procedural history of this case can be found in the Court's prior opinions. *See In re Nath*, Nos. 15-CV-3694, 16-CV-2032, 2017 WL 1194735 (S.D.N.Y. Mar. 31, 2017); *Nath v. Select Portfolio Servicing, Inc.*, No. 15-CV-8183, 2017 WL 782914 (S.D.N.Y. Feb. 28, 2017); *Nath v. JPMorgan Chase Bank, N.A.*, No. 15-CV-3937, 2016 WL 5791193 (S.D.N.Y. Sept. 30, 2016).

Plaintiff filed the instant Action on May 21, 2015, "to [q]uiet [t]itle on the [Subject] [P]roperty, to expunge any title claimed by Defendants with respect to said property, to remove the cloud on the title held by Plaintiff, and to nullify a loan modification agreement secured by the property." (*See* Compl. 1–2.) Private Defendants filed a motion to dismiss on September 16, 2015, (*see* Dkt. Nos. 20–22), which Plaintiff opposed on September 25, 2015, (*see* Dkt. No. 23; *see also* Dkt. No. 53). Private Defendants replied on October 2, 2015. (*See* Dkt. Nos. 25–26.) The IRS filed a motion to dismiss on December 18, 2015, (*see* Dkt. Nos. 43–46), which Plaintiff opposed on January 29, 2016, (*see* Dkt. No. 52). The IRS filed its reply brief on February 26, 2016. (*See* Dkt. No. 54.)

In its September 2016 Opinion, the Court dismissed with prejudice Plaintiff's claims against the Private Defendants and the IRS, but granted Plaintiff leave to amend a single claim challenging the procedural validity of the tax liens issued against the Subject Property. (*See* Opinion 31–32.) On October 28, 2016, Plaintiff filed his Amended Complaint. (*See* Am. Compl. (Dkt. No. 71).) Despite the Court's previous instruction, Plaintiff's Amended Complaint named the Private Defendants in the caption of the case and repeated numerous allegations as to those Defendants. (*See generally id*.) In an Order issued November 3, 2016, the Court again dismissed with prejudice the claims against the Private Defendants. (*See* Dkt. No. 72.)

On December 19, 2016, the IRS filed the instant Motion To Dismiss and accompanying papers. (*See* Dkt. Nos. 76–78.) Plaintiff filed his opposition on January 23, 2017, (*see* Dkt. No. 79), and the IRS filed its reply on February 13, 2017, (*see* Dkt. Nos. 80–81).

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated

3

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

4

Because Plaintiff is proceeding pro se, the Court construes his "submissions . . . liberally" and interprets them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). Furthermore, for the same reason, it is appropriate to consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)); *Rodriguez v. Rodriguez*, No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the [c]ourt is typically confined to the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained in a pro se litigant's opposition papers and other court filings." (citation and internal quotation marks omitted)).

B. Analysis

In its prior Opinion, the Court held that Plaintiff's claims against the IRS were "subject to the catch-all six-year statute of limitations for civil actions commenced against the United States." (Opinion 30 (citing 28 U.S.C. § 2401(a)).) The two federal tax liens at issue—which are attached to Plaintiff's initial pleading but not his Amended Complaint—indicate that the latter of the two was filed on April 7, 2008. (*See* Compl. Ex. 5 at unnumbered 23.)[1] Thus, as the

---

[1] The Court again notes that the liens in question "attache[d] to [Plaintiff's] property when unpaid taxes [were] assessed," and therefore accrued even earlier than the filing dates stated on the liens. *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995).

5

Court has previously noted, this Action, filed May 21, 2015, is untimely as to Plaintiff's claims against the IRS. (*See* Opinion 31.)

"[E]quitable tolling may be available for actions against the federal government . . . and may toll the catch-all statute of limitations." *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007). "[T]olling is an extraordinary remedy," *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004), one that "is only appropriate in rare and exceptional circumstances," *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alterations and internal quotation marks omitted); *see also Upadhyay v. Sethi*, No. 10-CV-8462, 2012 WL 3100601, at *1 (S.D.N.Y. July 31, 2012) (explaining that "equitable tolling . . . is an extraordinary remedy to be used only sparingly"). A plaintiff "seeking equitable tolling must make a showing of reasonable diligence . . . throughout the period to be tolled . . . [and] the rest of the limitations period." *Viti v. Guardian Life Ins. Co. of Am.*, No. 10-CV-2908, 2013 WL 6500515, at *17 n.7 (S.D.N.Y. Dec. 11, 2013). "[T]he burden of proving that tolling is appropriate rests on the plaintiff." *Chapman v. Choicecare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002).

In its September 2016 Opinion, the Court found that "Plaintiff ha[d] not pled any facts warranting such tolling" or "any facts that [bore] on his exercise of reasonable diligence." (Opinion 31.) "[I]mportantly," Plaintiff "[did] not explain how or when [he learned of the federal tax lien] and thus the Court [could not] conclude that he was reasonably diligent." (*Id.*) In the instant Motion To Dismiss, the IRS argues that Plaintiff's amended claims should be dismissed because "[d]espite having been given an opportunity to replead, Plaintiff again has

failed to allege any facts warranting equitable tolling." (Mem. of Law in Supp. of the IRS's Mot. To Dismiss Pl.'s Am. Compl. ("IRS Mem.") 1 (Dkt. No. 77).)[2]

In his Amended Complaint, Plaintiff asserts that "[t]he [IRS] . . . recorded [a] tax lien against the [Subject Property] . . . [but] did not follow its own rules under 26 U.S.[C.] § 6331," and therefore "i[s] not entitled to this lien under the law." (Am. Compl. 7; *see also id.* at 22 ("The [IRS] tax liens were recorded but [the IRS] failed to follow its own rules . . . [and] therefore [the] [IRS] liens should be declared illegal [and] non[]enforceable."); *id.* at 23 ("[The] Court is requested to issue [an] order that [the] [l]ien recorded by [the IRS] . . . is null [and] void due to the fact that IRS rules were not followed . . . .").) The remainder of Plaintiff's nearly 40-page pleading reiterates claims against the dismissed Private Defendants. Thus, Plaintiff's Amended Complaint provides no basis for equitable tolling of the six-year statute of limitations.

In his opposition to Defendant's Motion, Plaintiff for the first time raises arguments as to why he "is entitled to tolling of [the] . . . statute of limitations for filing this law[]suit." (Pl.'s Reply Br. in Resp. to Br. Filed by IRS Through Federal Prosecutor S.D.N.Y. ("Pl.'s Opp'n") 3 (Dkt. No. 79).) Liberally construed, Plaintiff's opposition sets forth the following claims:

- Plaintiff "was never given any notice in person by [the IRS]" and "notice was never left at [Plaintiff's] house" or his place of business. (*Id.* at 1.) In the absence of such notice, the "tax lien was recorded in violation of [the] law [and] stands invalid under the law." (*Id.*) Plaintiff avers that "[he] was reasonably diligent in trying to find out if [the IRS] had placed any tax lien [on the Subject Property]." (*Id.* at 3.)

---

[2] In addition to its timeliness arguments, the IRS contends that "Plaintiff's failure to timely serve the IRS with the Amended Complaint is itself sufficient cause to dismiss the Amended Complaint with prejudice." (IRS Mem. 2 n.2.) However, the Second Circuit has a "clearly expressed preference that litigation disputes be resolved on the merits." *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 346 (S.D.N.Y. 1996); *see also Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (same). Accordingly, the Court will address the merits of Plaintiff's claims, despite the alleged insufficiency of service.

- Plaintiff "was in chapter 7 bankruptcy from Oct[ober] 16, 2005 to July 9, 2006" and has filed multiple chapter 13 petitions from 2011 to the present. (*Id.*) Plaintiff contends that "[b]ankruptcy filing stays action in any court . . . ." (*Id.*)

Plaintiff's claims as to lack of notice are unavailing. As the Court noted in its prior Opinion, "even if the IRS failed to provide *any* notice of the lien, Plaintiff obviously learned of the federal tax lien at some point, but . . . does not explain how or when." (Opinion 31.) Without such information, the Court reiterates that it "cannot conclude that [Plaintiff] was reasonably diligent." (*Id.*)

Plaintiff's arguments as to his numerous bankruptcy filings also fail. As the IRS notes, "the automatic stay provision of [§] 362 by its terms only stays proceedings *against* the debtor, and does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate." *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14-CV-6974, 2016 WL 1276451, at *7 (S.D.N.Y. Mar. 30, 2016) (alteration and internal quotation marks omitted). Thus, Plaintiff's claims against the IRS—or any other named defendant in his multitude of proceedings—are not subject to the automatic stay provision.

### III. Conclusion

In light of the foregoing analysis, the Court grants the IRS's Motion To Dismiss Plaintiff's Amended Complaint.

Because Plaintiff was granted leave to amend his Complaint in response to a decision on the merits of his claims, but has still failed to state a claim, the Amended Complaint is dismissed with prejudice. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (alteration and internal quotation marks omitted)).

The Clerk of Court is respectfully requested to terminate the pending Motion, (*see* Dkt. No. 76), and close this case.

SO ORDERED.

DATED: June 6, 2017
             White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE